IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>                    Plaintiff,<br><br>        v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>Washington, DC 20528,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Electronic Frontier Foundation seeks injunctive and other appropriate relief for the release of agency records requested by Plaintiff from the Defendant Department of Homeland Security. Specifically, Plaintiff seeks disclosure of records concerning a temporary agreement between the United States and European Union allowing Defendant access to passenger data from airline flights between the European Union and United States.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f).

**The International Agreements Allowing DHS Access to Passenger Data From Flights Between the European Union and United States**

5. In 2004, the United States ("U.S.") and European Union ("EU") reached an agreement on the processing and transfer of Passenger Name Record ("PNR") data to DHS from airline flights between the U.S. and EU. Agreement Between the European Union and the United States of America on the Processing and Transfer of PNR Data by Air Carriers to the United States Department of Homeland Security, Bureau of Customs and Border Protection, 2004 O.J. (L 183) 84, *available at* http://ec.europa.eu/justice_home/fsj/privacy/docs/adequacy/pnr/2004-05-28-agreement_en.pdf. Shortly thereafter, DHS published a set of representations reflecting how the agency (specifically, its component the Bureau of Customs and Border Protection) would handle the data. Undertakings of the Department of Homeland Security Bureau of Customs and Border Protection Regarding the Handling of Passenger Name Record Data, 69 Fed. Reg. 41543-41547 (July 9, 2004) (hereinafter "2004 Undertakings").

6. The European Court of Justice ruled the EU-U.S. agreement inconsistent with EU law in May 2006, ordering that it would become ineffective on September 30, 2006. Joined Cases C-317/04 and C-318/04, *European Parliament v. Council of the European Union and Comm'n of the European Communities*, 2006 ECJ CELEX LEXIS 239 (May 30, 2006), *available at* http://ec.europa.eu/justice_home/fsj/privacy/docs/adequacy/pnr/judgement_ecj_30_05_06_pnr_en.pdf. In light of the decision, the U.S. and EU renegotiated the agreement.

7. In October 2006, the U.S. and EU reached a temporary agreement on the processing and transfer of passenger data from airlines to DHS to replace the 2004 arrangement. Agreement Between the European Union and the United States of America on the Processing and Transfer of Passenger Name Record (PNR) Data by Air Carriers to the United States Department of Homeland Security, Bureau of Customs and Border Protection (Oct. 27, 2006), http://ec.europa.eu/justice_home/fsj/privacy/docs/adequacy/pnr/2006_10_accord_US_en.pdf.

8. At the same time, DHS sent a letter to EU officials stating that it will interpret the 2004 Undertakings more broadly to permit, among other things, more substantial disclosure of passenger data to other U.S. agencies with counterterrorism functions. Letter to the Council Presidency and the Commission from the Department of Homeland Security of the United States of America, Concerning the Interpretation of Certain Provisions of the Undertakings Issued by DHS on 11 May 2004 in Collection with the Transfer by Air Carriers of Passenger Name Record (PNR) Data (Oct. 27, 2006), http://ec.europa.eu/justice_home/fsj/privacy/docs/adequacy/pnr/2006_10_letter_DHS_en.pdf.

9. Even with the new agreement in place, Reuters reported, the U.S. plans to "push for more flexible arrangements with Europe on how U.S. agencies can use the personal records of

air passengers to combat terrorism." Mark John, *U.S. to Seek More Leeway on Air Passenger Records*, Reuters, Oct. 17, 2006.

10. In the absence of further government action, the interim agreement will expire on July 31, 2007.

## Plaintiff's Freedom of Information Act Request

11. By letter sent to DHS via facsimile on October 20, 2006, Plaintiff requested under the FOIA the following agency records from May 30, 2006 to the date of the request (including, but not limited to, electronic records):

   A. emails, letters, reports, or other correspondence from DHS officials to European Union officials concerning the transfer and use of passenger data from air carriers to the U.S. for prescreening purposes;

   B. emails, letters, statements, memoranda, or other correspondence from DHS officials to U.S. government officials or employees interpreting or providing guidance on how to interpret the Undertakings;

   C. records describing how passenger data transferred to the U.S. under the temporary agreement is to be retained, secured, used, disclosed to other entities, or combined with information from other sources; and

   D. complaints received from EU citizens or official entities concerning DHS acquisition, maintenance and use of passenger data of EU citizens.

12. On information and belief, DHS received Plaintiff's FOIA request on October 20, 2006.

13. By letter dated November 1, 2006, DHS acknowledged receipt of Plaintiff's request and stated, "[w]e will make every effort to comply with your request in a timely manner; however, there are currently 61 open requests ahead of yours. Nevertheless, please be assured that one of the processors in our office will respond to your request as expeditiously as possible."

14. To date, DHS has failed to disclose any records responsive to Plaintiff's request.

4

15. DHS has violated the 20-working-day statutory time limit for the processing of a FOIA request.

16. Plaintiff has exhausted all applicable administrative remedies.

17. DHS has wrongfully withheld the requested records from Plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

18. Plaintiff repeats and realleges paragraphs 1-17.

19. DHS has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

20. Plaintiff has exhausted the applicable administrative remedies with respect to DHS's wrongful withholding of the requested records.

21. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

  A. order Defendant DHS to disclose the requested records in their entireties and make copies available to Plaintiff;

  B. provide for expeditious proceedings in this action;

  C. award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

  D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,


    /s/ *Marcia Hofmann*
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Electronic Frontier Foundation | Department of Homeland Security |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES _

1/001

CASE NUMBER  1:06CV01988

JUDGE: Ellen Segal Huvelle

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 11/21/2006

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marcia Hofmann, Electronic Frontier Foundation
1875 Connecticut Ave. NW, Suite 650
Washington, DC 20009   (202) 797-9009

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND (

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

☐ **A.** *Antitrust*

☐ 410 Antitrust

☐ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E.** *General Civil (Other)* OR   ☐ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

③

| ☐ G. *Habeas Corpus/2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
FOIA, 5 U.S.C. § 552

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint    JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 11/21/2006    SIGNATURE OF ATTORNEY OF RECORD  *Marcia Hofmann*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.