IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>    Plaintiff,<br><br>  v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>Washington, DC 20528,<br><br>    Defendant. | Civil Action No. 06-1988 (ESH) |

## AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, for injunctive, declaratory and other appropriate relief.  Plaintiff Electronic Frontier Foundation seeks the expedited processing and release of agency records requested by Plaintiff from the Defendant Department of Homeland Security.  Specifically, Plaintiff seeks disclosure of records concerning a temporary agreement between the United States and the European Union allowing Defendant access to passenger data from airline flights between the European Union and United States.  Because the requested records involve a matter of substantial public interest, and there is an "urgency to inform the public" about Defendant's handling of passenger data under the temporary agreement, Plaintiff is statutorily entitled to expedited treatment of its request.  Plaintiff also seeks injunctive and declaratory relief to invalidate a determination by Defendant that Plaintiff does not qualify for treatment as a "representative of the news media" within the meaning of the FOIA and agency regulations, and is therefore not entitled to favorable processing fee status under the FOIA.

**Jurisdiction and Venue**

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3.  Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC.  EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties.  In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4.  Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government.  DHS is an "agency" within the meaning of 5 U.S.C. § 552(f).

**The International Agreements Allowing DHS Access to Passenger Data
From Flights Between the European Union and United States**

5. In 2004, the United States ("U.S.") and European Union ("EU") reached an agreement on the processing and transfer of Passenger Name Record ("PNR") data to DHS from airline flights between the U.S. and EU. Shortly thereafter, DHS published a set of representations, known as the Undertakings, which reflected how the agency (specifically, its component the Bureau of Customs and Border Protection) would handle the data.

6. The European Court of Justice ruled the EU-U.S. agreement inconsistent with EU law in May 2006, ordering that it would become ineffective on September 30, 2006. In light of the decision, the U.S. and EU renegotiated the agreement.

7. In October 2006, the U.S. and EU reached a temporary agreement on the processing and transfer of passenger data from airlines to DHS to replace the 2004 arrangement.

8. At the same time, DHS sent a letter to EU officials stating that it will interpret the Undertakings more broadly to permit, among other things, more substantial disclosure of passenger data to other U.S. agencies with counterterrorism functions.

9. Even with the new agreement in place, Reuters reported, the U.S. plans to "push for more flexible arrangements with Europe on how U.S. agencies can use the personal records of air passengers to combat terrorism."

10. In the absence of further government action, the interim agreement will expire on July 31, 2007.

11. By notice published on November 2, 2006, defendant DHS and its component, Customs and Border Protection, described a "system of records" called the "Automated Targeting System" ("ATS"). The ATS, as described by DHS, is a data mining system that the agency uses to create "risk assessments" for tens of millions of travelers crossing the U.S. border. It includes information that is not "relevant and necessary" to accomplish its stated purpose of improving security. Individuals have no right to access information about themselves contained in the system, nor to request correction of information that is inaccurate, irrelevant, untimely or incomplete. While personal information contained in the ATS is *not* accessible to the affected individuals, it *is* made readily available to an untold numbers of federal, state, local and foreign agencies, as well as a wide variety of "third parties," including "contractors,

grantees, experts, consultants, students, and others." The "risk assessments" created by the system and assigned to tens of millions of law-abiding individuals will be retained by the government for 40 years. Among the many details absent from its Federal Register notice, the agency has failed to describe the consequences that might result from a "risk assessment" score (possibly derived from inaccurate or incomplete information) indicating that an individual poses a "threat or potential threat to national or international security."

12. On December 13, 2006, European Commissioner Franco Frattini stated, *inter alia*, during a speech before the European Parliament:

> [T]he information published by the DHS [about ATS] reveals significant differences between the way in which PNR data are handled within the Automated Targeting System on the one hand and the stricter regime for European PNR data according to the Undertakings given by the DHS. The [European] Council Presidency and Commission are contacting the US Government to request formal confirmation that the way EU PNR data are handled in the ATS is the one described in the Undertakings.
>
> The current EU-US Agreement on PNR data will expire in July of next year. The Commission will, at the beginning of 2007, recommend to Council to mandate the Presidency, assisted by the Commission, to negotiate a new PNR agreement with the United States. I am sure that any new agreement will provide for a high level of data protection for all PNR data transferred under the agreement while protecting the security of our citizens.

**Plaintiff's Freedom of Information Act Request,
Request for Expedited Processing, and
Request for Favorable Fee Status**

13. By letter transmitted to DHS via facsimile on October 20, 2006, Plaintiff requested under the FOIA the following agency records from May 30, 2006 to the date of the request (including, but not limited to, electronic records):

A. emails, letters, reports, or other correspondence from DHS officials to European Union officials concerning the transfer and use of passenger data from air carriers to the U.S. for prescreening purposes;

    B. emails, letters, statements, memoranda, or other correspondence from DHS officials to U.S. government officials or employees interpreting or providing guidance on how to interpret the Undertakings;

    C. records describing how passenger data transferred to the U.S. under the temporary agreement is to be retained, secured, used, disclosed to other entities, or combined with information from other sources; and

    D. complaints received from EU citizens or official entities concerning DHS acquisition, maintenance and use of passenger data of EU citizens.

14. On information and belief, defendant DHS received Plaintiff's FOIA request on October 20, 2006.

15. Plaintiff requested expedited processing of the FOIA request described in ¶ 13 in conformance with the requirements for such requests set forth in Defendant DHS's regulations. Plaintiff stated that its FOIA request meets the criteria for expedited processing under Defendant DHS's regulations, 6 CFR § 5.5(d)(1)(ii), because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is made by "a person primarily engaged in disseminating information."

16. In support of its request for expedited processing, Plaintiff noted that the passenger data agreement is temporary, and will need to be renegotiated prior to its expiration. Plaintiff also demonstrated substantial news media interest in the agreement, stating that a Google News search for "privacy and 'passenger data'" returned 621 results from news outlets around the world.

17. In further support of its request for expedited processing, Plaintiff noted that news articles from the Associated Press and Reuters had highlighted the friction between the EU and the U.S. on the issue of air passenger privacy, and the difficult nature of the negotiations to reach the temporary agreement.

18. In further support of its argument for expedited processing, Plaintiff noted that "the Department itself has recognized both the newsworthiness of this matter and the importance of informing the public of developments in its negotiations with the EU. On September 30, 2006, the Department issued a press release containing a statement from [DHS] Secretary Chertoff concerning the negotiations."

19. Plaintiff provided defendant DHS extensive documentation demonstrating that Plaintiff is "primarily engaged in disseminating information" for purposes of expedited processing.

20. In its letter dated October 20, 2006, Plaintiff further requested that it not be charged search or review fees for the processing of its FOIA request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 6 C.F.R. § 5.11(b)(6).

21. Plaintiff provided Defendant DHS extensive documentation demonstrating that EFF qualifies as a "representative of the news media" for fee assessment purposes.

### DHS's Denial of Plaintiff's Request for Expedited Processing and Favorable Fee Status, and Plaintiff's Appeal of those Determinations

22. By letter dated November 1, 2006, DHS acknowledged receipt of Plaintiff's request, and denied Plaintiff's request for expedited processing.

23. Defendant DHS further stated that it "shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors," rather than treat Plaintiff as a "news media" requestor. Defendant stated that it would "construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued."

24. By facsimile transmitted to Defendant DHS on November 21, 2006, Plaintiff appealed DHS's determination on both expedited processing and Plaintiff's fee status.

25. By letter dated December 15, 2006, Defendant DHS provided a "further response" to Plaintiff's October 20, 2006 FOIA request. In its letter, Defendant DHS stated that EFF would be considered a "news media" requester but made no reference to Plaintiff's pending administrative appeal.

26. To date, Defendant DHS has failed to respond to Plaintiff's administrative appeal.

27. To date, Defendant DHS has failed to disclose any records responsive to Plaintiff's request.

28. Plaintiff is entitled to expedited processing of its FOIA request under the standards set forth in the FOIA and Defendant DHS's regulations.

29. Plaintiff is entitled to treatment as a "representative of the news media" for purposes of fee assessments under the FOIA.

30. Defendant DHS has violated the 20-working-day statutory time limit for the processing of a FOIA request.

31. Defendant DHS has violated the 20-working-day statutory time limit for determining an administrative appeal under FOIA.

32. Plaintiff has exhausted all applicable administrative remedies.

33. Defendant DHS has wrongfully withheld the requested records from Plaintiff.

## CAUSES OF ACTION

### First Cause of Action:
### Violation of the Freedom of Information Act for
### Failure to Grant Expedited Processing

34. Plaintiff repeats and realleges ¶¶ 1-33.

35. Defendant DHS's failure to grant Plaintiff's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), and Defendant DHS's own regulation promulgated thereunder, 6 CFR § 5.5(d)(1)(ii).

36. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DHS's denial of Plaintiff's request for expedited processing.

37. Plaintiff is entitled to injunctive and declaratory relief with respect to its request for expedited processing.

### Second Cause of Action:
### Violation of the Freedom of Information Act for
### Failure to Grant Favorable Fee Status

38. Plaintiff repeats and realleges ¶¶ 1-33.

39. Plaintiff qualifies as a "representative of the news media" under the FOIA.

40. Defendant DHS's failure to timely render a determination of Plaintiff's administrative appeal and formally reverse its initial determination that Plaintiff does not qualify as a "representative of the news media" violates the fee provisions of the FOIA.

41. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DHS's determination that Plaintiff does not qualify as a "representative of the news media."

42. Plaintiff is entitled to injunctive and declaratory relief with respect to its request for treatment as a "representative of the news media."

8

### Third Cause of Action:
### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

43. Plaintiff repeats and realleges ¶¶ 1-33.

44. Defendant DHS has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

45. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DHS's wrongful withholding of the requested records.

46. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant DHS to expedite the processing of Plaintiff's October 20, 2006, FOIA request;

B. Order Defendant DHS to expeditiously disclose the requested records in their entireties and make copies available to Plaintiff;

C. Issue a declaration that Plaintiff is entitled to expedited processing of its requests to Defendant DHS under the FOIA when there is an "urgency to inform the public about an actual or alleged federal government activity" that is the subject of such a request;

D. Issue a declaration that Plaintiff is entitled to treatment as a "representative of the news media" with respect to its FOIA requests to Defendant DHS;

E.  Provide for expeditious proceedings in this action;

F.  Retain jurisdiction of this action to ensure that the processing of Plaintiff's request is expedited;

G.  Award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

H.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,


___/s/_____
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that one copy of the foregoing notice and accompanying amended complaint was served on the following by First Class, Certified Mail on December 21, 2006:

John R. Coleman
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
P.O. Box 883
Washington, DC  20044

Respectfully submitted,

___/s/_____
MARCIA HOFMANN