IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**,<br><br>      Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**,<br><br>      Defendant. | Civil Action No. 06-1988 (ESH) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over plaintiff's Second Cause of Action.

SECOND DEFENSE

Defendant, Department of Homeland Security ("DHS"), by and through its undersigned counsel, hereby answers the numbered paragraphs of plaintiff's Amended Complaint filed December 21, 2006 as follows:

1. This paragraph consists of a legal conclusion and plaintiff's characterization of the nature of plaintiff's action, to which no response is required. To the extent that a response is deemed required, defendant admits only that this action is brought for injunctive and other relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. This paragraph contains plaintiff's conclusions of law regarding the scope and extent of the Court's jurisdiction and venue, to which no response is required.

3. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Admit.

5. The first sentence contains plaintiff's characterization of an agreement reached between the United States and the European Union, to which the Court is respectfully referred for a full and accurate statement of its content.  Agreement Between the European Union and the United States of America on the Processing and Transfer of PNR Data by Air Carriers to the United States Department of Homeland Security, Bureau of Customs and Border Protection, 2004 O.J. (L 183) 84 *available at* http://ec.europa.eu/justice_home/fsj/privacy/docs/adequacy/pnr/2004-05-28-agreement_en.pdf.  The second sentence contains plaintiff's characterization of the Undertakings, to which the Court is respectfully referred for a full and accurate statement of its content.  Undertakings of the Department of Homeland Security Bureau of Customs and Border Protection Regarding the Handling of Passenger Name Record Data, 69 Fed. Reg. 41543 (July 9, 2004).

6. This paragraph contains plaintiff's characterization of a judgment of the Court of Justice of the European Communities, published at 2006 ECJ CELEX LEXIS 239 (May 30, 2006).  Defendant denies plaintiff's characterization of the judgment in the first sentence, and respectfully refers the Court to the text of that judgment for a full and accurate statement of its content.  Defendant admits the second sentence.

7. Defendant admits that in October 2006 the United States and the European Union reached a temporary agreement on the processing and transfer of Passenger Name Record Data, and respectfully refers the Court to the text of this agreement for a full and accurate statement of

its contents. Interim Agreement Between the European Union and the United States Regarding the Transfer of Passenger Name Record Data, 72 Fed. Reg. 348 (Jan. 4, 2007). Defendant denies plaintiff's characterization that the agreement related generally to "passenger data."

8. This paragraph contains plaintiff's characterization of a letter sent from DHS to officials of the European Union. Defendant respectfully refers the Court to the text of this letter for a full and accurate statement of its contents. Interim Agreement Between the European Union and the United States Regarding the Transfer of Passenger Name Record Data, 72 Fed. Reg. 348, 349-51 (Jan. 4, 2007).

9. Admit.

10. Admit.

11. The first sentence contains plaintiff's characterization of a Notice published by DHS on November 2, 2006 at 71 Fed. Reg. 64,543. Defendant respectfully refers the Court to the text of this Notice for a full and accurate statement of its contents. Defendant admits that the Automated Targeting System (specifically, the Automated Targeting System - Passenger (ATS-P)) creates risk assessments of travelers crossing the U.S. border, and denies the remaining allegations of the second sentence. Defendant denies the allegations of the third, fourth, fifth, and seventh sentences, and respectfully refers the Court to the Notice for a full and accurate statement of the purpose of the Automated Targeting System and policies regarding record retention and categories of users. Defendant admits that the risk assessments created by ATS will be retained by the government for up to 40 years, but denies the remaining allegations of the sixth sentence.

12. Admit.

13. Admit.

14. Admit. DHS acknowledged receipt of plaintiff's request by letter dated November 1, 2006.

15. The first sentence of this paragraph contains plaintiff's legal conclusions to which no response is required. Defendant admits the second sentence, but respectfully refers the Court to the full text of plaintiff's October 20, 2006 request for a full and accurate statement of its content. The underlying statement contained in plaintiff's request is a legal conclusion to which no response is required.

16. Defendant admits the first sentence of this paragraph, but respectfully refers the Court to the full text of plaintiff's October 20, 2006 request for a full and accurate statement of its content. The first clause of the second sentence is denied. Defendant admits the second clause of the second sentence, but respectfully refers the Court to the full text of plaintiff's October 20, 2006 request for a full and accurate statement of its content.

17. This paragraph characterizes plaintiff's October 20, 2006 request, to which the Court is respectfully referred for a full and accurate statement of its content.

18. This paragraph characterizes plaintiff's October 20, 2006 request, to which the Court is respectfully referred for a full and accurate statement of its content.

19. This paragraph characterizes plaintiff's October 20, 2006 request, to which the Court is respectfully referred for a full and accurate statement of its content.

20. This paragraph characterizes plaintiff's October 20, 2006 request, to which the Court is respectfully referred for a full and accurate statement of its content.

21. This paragraph characterizes plaintiff's October 20, 2006 request, to which the Court

is respectfully referred for a full and accurate statement of its content.

22. Admit.

23. Admit.

24. Defendant admits that plaintiff appealed the adverse determination on its expedited processing request, and its entitlement to "news media" status.

25. Admit.

26. Admit. Although defendant has not formally responded to plaintiff's administrative appeal, it has granted plaintiff's request for treatment as a "news media requester" thereby mooting at least part of plaintiff's appeal. See Amended Complaint ¶ 25.

27. Admit.

28. This paragraph contains plaintiff's conclusions of law to which no response is required. To the extent a response is required, this paragraph is denied.

29. This paragraph contains plaintiff's conclusions of law to which no response is required.

30. This paragraph contains plaintiff's conclusions of law to which no response is required.

31. This paragraph contains plaintiff's conclusions of law to which no response is required.

32. This paragraph contains plaintiff's conclusions of law to which no response is required.

33. This paragraph contains plaintiff's conclusions of law to which no response is required. To the extent a response is required, this paragraph is denied.

34. Defendant repeats and realleges the responses contained in paragraphs 1-33 inclusive.

35. This paragraph contains plaintiff's conclusion of law and thus no response is required. To the extent a response is required, this paragraph is denied.

36. This paragraph contains plaintiff's conclusions of law to which no response is required.

37. Denied.

38. Defendant repeats and realleges the responses contained in paragraphs 1-33 inclusive.

39. This paragraph contains plaintiff's conclusions of law to which no response is required.

40. This paragraph contains plaintiff's conclusions of law to which no response is required.

41. This paragraph contains plaintiff's conclusions of law to which no response is required.

42. Denied. Plaintiff's claim for treatment as a "representative of the news media" is moot.

43. Defendant repeats and realleges the responses contained in paragraphs 1-33 inclusive.

44. This paragraph contains plaintiff's conclusions of law to which no response is required. To the extent a response is required, defendant denies it has wrongfully withheld records from the plaintiff.

45. This paragraph contains plaintiff's conclusions of law to which no response is required.

46. Denied.

The remaining paragraphs of the Amended Complaint contain plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, defendant denies the allegations contained in the remaining paragraphs of the Amended Complaint and further avers that plaintiff is not entitled to any relief. Any allegation not specifically addressed is denied.

WHEREFORE, defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and award such other relief as the Court may deem appropriate. Respectfully submitted this 9th day of January 2007.

PETER D. KEISLER
Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar #418925)
Assistant Branch Director

 /s/ John R. Coleman
JOHN R. COLEMAN, Va. Bar #70908
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8187
john.coleman3@usdoj.gov

*Attorneys for Defendant*