IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF HOMELAND** )<br>**SECURITY** )<br>)<br>Defendant. )<br>_____ ) | | Civil Action No. 06-1988 (ESH) |
| **ELECTRONIC FRONTIER FOUNDATION** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF HOMELAND** )<br>**SECURITY** )<br>)<br>Defendant. )<br>_____ ) | | Civil Action No. 06-2154 (RBW) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Plaintiff Electronic Frontier Foundation ("EFF") seeks to consolidate two cases, Civil Action No. 06-1988 and Civil Action No. 06-2154, which relate to Freedom of Information Act ("FOIA") requests it has submitted to defendant, Department of Homeland Security ("DHS"). Plaintiff's motion to consolidate relies on the gains to judicial efficiency that would accompany the resolution of an issue common to the two cases: whether plaintiff is "primarily engaged in disseminating information," one of the two requirements for a grant of expedited processing. Plaintiff's motion also relies on the related nature of the subject matter of the requests at issue, a consideration in addressing the second requirement for a grant of expedited processing: whether

the FOIA requests concern information about which there is an "urgency to inform" the public. Defendant concedes that the former issue is common to these cases, and therefore recognizes that these cases may be consolidated in the Court's discretion.

Nonetheless, defendant urges the Court to consider a number of reasons these cases should not be consolidated. To begin with, notwithstanding the tangential relationship between the subject matter of the FOIA requests at issue, the question whether there is an "urgency to inform" the public about the information sought by the FOIA requests at issue in the two cases is distinct. Thus, consolidation will not avoid the need to separately address this issue in each case. In addition, each case raises issues concerning the Court's jurisdiction not present in the other case. Defendant believes these disparate issues provide a sufficient basis for denying consolidation of these cases.

## BACKGROUND

The cases at issue in this motion arise from three separate FOIA requests made by plaintiff on October 20, 2006, November 7, 2006 and December 6, 2006. The earlier filed case, Civil Action No. 06-1988, involves the October 20, 2006 request for agency records relating to a temporary agreement ("Temporary Agreement") between the United States and the European Union ("EU") concerning the transfer of Passenger Name Record ("PNR") data from air carriers' reservation systems located within the EU to the Bureau of Customs and Border Protection ("CBP"), a component of DHS. Exhibit A to Plaintiff's Motion to Consolidate. The later filed case at issue in this motion, Civil Action No. 06-2154, concerns plaintiff's November 7, 2006

and December 6, 2006 requests[1] for records relating to the Automated Targeting System ("ATS"), a database and screening tool maintained by CBP to aid its mission of protecting the border from terrorists and criminals. Exhibits D & E to Plaintiff's Motion to Consolidate. See also 71 Fed. Reg. 64,543 (Nov. 2, 2006) (describing the ATS).

## I.     Civil Action No. 06-1988

In the aftermath of September 11, 2001, Congress enacted legislation requiring any air carrier operating flights to or from the United States to provide the Customs Service, now part of CBP,[2] with electronic access to PNR data, which is defined as information contained on an airline's reservation system that sets forth the identity and travel plans of passengers traveling to or from the United States.[3] In 2002, following the publication of the regulations implementing this statute, the European Commission ("EC") advised DHS of a potential conflict between the regulations and an EU privacy directive that generally prohibits the cross-border sharing of personal data absent a showing of adequate privacy safeguards.[4] To ensure CBP's continued

---

[1] These related requests were merged by DHS to simplify processing. Exhibit F to Plaintiff's Motion to Consolidate.

[2] Effective March 1, 2003, the United States Customs Service was renamed the United States Bureau of Customs and Border Protection ("CBP"). Homeland Security Act of 2002, Pub.L. No. 107-296, § 1502, 116 Stat. 2135, 2308-09 (2002).

[3] Aviation and Transportation Security Act, Pub. L. No. 107-71, § 115, 115 Stat. 597 (codified at 49 U.S.C. § 44909(c)(3)) ("[C]arriers shall make passenger name record information available to the Customs Service upon request."); Passenger Name Record Information Required for Passengers on Flights in Foreign Air Transportation to or From the United States, 67 Fed. Reg. 42,710, 42,711 (June 25, 2002) (codified at 19 C.F.R. § 122.49d). Thus, PNR data includes: a passenger's name, intended date of travel, address, payment information, and other itinerary information. 67 Fed. Reg. at 42,711.

[4] DHS Privacy Office, Report Concerning Passenger Name Record Information Derived From Flights Between The U.S. and the European Union, at 11 (Sept. 19, 2005) *available at*

access to all PNR data, and to provide comfort to those air carriers subject to these potentially conflicting laws, the two sides committed to negotiate an amicable resolution of this potential conflict. Id. at 11-12. In the course of these negotiations, CBP issued a set of representations, known as the Undertakings, setting forth how CBP would handle PNR data for flights between the U.S. and the EU.[5] On May 11, 2004, following the EC's finding that the Undertakings provided adequate privacy safeguards, the two sides signed a formal agreement permitting the continued transfer of PNR data to CBP in exchange for CBP's commitment to handle the data pursuant to the Undertakings.[6]

On May 30, 2006, the European Court of Justice ("ECJ") annulled the agreement and the related adequacy finding on the grounds that they were not within the competence of the EC.[7] As a result of this ruling, the United States and the European Union, the competent authority under EU law, negotiated the Temporary Agreement that is the subject of plaintiff's October 20, 2006

---

www.dhs.gov/xlibrary/assets/privacy/privacy_pnr_rpt_09-2005.pdf (hereinafter "PNR Privacy Report").

[5]See Undertakings of the Department of Homeland Security Bureau of Customs and Border Protection Regarding the Handling of Passenger Name Record Data, 69 Fed. Reg. 41,543, 41,543 (July 9, 2004) (hereinafter the "Undertakings").

[6]See Agreement Between the European Community and the United States of America on the Processing and Transfer of PNR Data by Air Carriers to the United States Department of Homeland Security, Bureau of Customs and Border Protection *available at* http://ec.europa.eu/justice_home/fsj/privacy/docs/adequacy/pnr/2004-05-28-agreement_en.pdf.

[7]Joined Cases C-317/04 and C-318/04, *European Parliament v. Council of the European Union and Comm'n of the European Communities*, 2006 ECJ CELEX LEXIS 239 (May 30, 2006). The ECJ did not, however, rule that the agreement infringed fundamental rights with regard to data protection. Id.

request.[8]  A letter describing how the Undertakings would be interpreted by CBP in light of recent changes in U.S. law accompanied the Temporary Agreement, but did not alter the EU's position that CBP's treatment of PNR data "ensures an adequate level of data protection."[9]

Plaintiff's October 20, 2006 FOIA request sought agency records created after May 30, 2006, concerning the negotiation of the Temporary Agreement, the handling of PNR data under the Temporary Agreement, and any complaints from EU citizens or official entities related to DHS's handling of PNR data.  Exhibit A to Plaintiff's Motion to Consolidate at 2.  Pursuant to DHS regulations, specifically 6 C.F.R. § 5.5(d)(1)(ii), plaintiff sought expedited processing of its request on the ground that it pertained to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," made by "a person primarily engaged in disseminating information."  Exhibit A to Plaintiff's Motion to Consolidate at 2-3.  To avoid the fees associated with search and review of responsive records, plaintiff requested treatment as a "representative of the news media."  Id. at 3-4 (citing 6 C.F.R. § 5.11(b)).  In addition, plaintiff sought to avoid duplication fees by requesting a "public interest fee waiver" pursuant to 6 C.F.R. § 5.11(k).  Id. at 4-5.

By letter dated November 1, 2006, DHS acknowledged receipt of plaintiff's request and denied its request for expedited processing.  Exhibit B to Plaintiff's Motion to Consolidate at 1.

---

[8]See Agreement Between the European Union and the United States of America on the Processing and Transfer of Passenger Name Record (PNR) Data by Air Carriers to the United States Department of Homeland Security, 72 Fed. Reg. 348, 348-49 (Jan. 4, 2007).

[9]See 72 Fed. Reg. 348, 349-51 (Jan. 4, 2007); Reply by the Council Presidency and the Commission to the letter from the USA's Department of Homeland Security *available at* http://ec.europa.eu/justice_home/fsj/privacy/docs/adequacy/pnr/2006_10_letter_council_reply_en.pdf.

DHS informed plaintiff that it would hold its request for a public interest fee waiver in abeyance pending the quantification of responsive records, and that plaintiff would be treated as a non-commercial requester in the event the fee waiver request was denied.  Id.  On November 21, 2006, plaintiff appealed the denial of its requests for expedited processing and for treatment as a member of the news media for fee purposes, Exhibit C to Plaintiff's Motion to Consolidate, and filed a complaint in this Court demanding production of the requested records (Civil Action 06-1988).  By letter dated December 15, 2006, DHS denied plaintiff's request for a public interest fee waiver, but reversed its initial determination by granting plaintiff "news media" fee status.  Exhibit A.  On December 21, 2006, plaintiff amended its complaint in 06-1988 by alleging two more violations of the FOIA: (1) the denial by DHS of Plaintiff's request for expedited processing; and (2) the initial denial—later reversed—of EFF's request to be treated as a "representative of the news media."

## II.    Civil Action No. 06-2154

The later filed case at issue in this motion, Civil Action No. 06-2154, concerns two FOIA requests made by EFF for documents related to the Automated Targeting System ("ATS"), a database and screening tool maintained by CBP to aid its mission of protecting the border from terrorists and criminals.  See System of Records Notice, 71 Fed. Reg. 64,543, 64,543 (Nov. 2, 2006).  The ATS collects data concerning every traveler or shipment that crosses the borders of the United States, and uses this data to create a rules-based evaluation of the risk to national security posed by that shipment or traveler.[10]  The ATS contains six separate modules, one of

---

[10] See Customs and Border Protection, Privacy Impact Assessment of the Automated Targeting System, *available at* www.dhs.gov/xlibrary/assets/privacy/privacy_pia_cbp_ats.pdf.

which, ATS-Passenger, relies partly on the PNR data of every flight to or from the United States. Id. As the Temporary Agreement relates only to flights between the U.S. and the EU, the PNR data that is the subject of the Temporary Agreement is a subset of all PNR data collected by CBP.

Plaintiff's FOIA requests for information relating to ATS were made on November 7, 2006 and December 6, 2006, and, for purposes of administrative efficiency, are being treated as a single request. Exhibit F to Plaintiff's Motion to Consolidate at 1. The merged request seeks nineteen different categories of records relating to the ATS, including some requests that are very narrow (*e.g.*, a specific Memorandum of Understanding between CBP and the Canada Border Services Agency), and some that are very broad (*e.g.*, all records that describe or discuss the use of personally identifiable information by CBP or its predecessors for purposes of screening air and sea travelers). Plaintiff again sought expedited processing of its request. On December 14, 2006, that request was denied, Exhibit F to Plaintiff's Motion to Consolidate, and plaintiff immediately filed suit challenging that denial (06-2154), foregoing an administrative appeal.

## ARGUMENT

Pursuant to Rule 42(a), Fed.R.Civ.P., a federal district court may "consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation." Judicial Watch, Inc. v. United States Dep't of Energy, 207 F.R.D. 8, 8 (D.D.C. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (2d ed. 1995)). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." American Postal Workers Union v. United States Postal Service, 422 F.Supp.2d 240, 245

(D.D.C. 2006) (quoting Stewart v. O'Neil, 255 F.Supp.2d 16, 20 (D.D.C. 2002)). The exercise of this discretion is informed by "weigh[ing] considerations of convenience and economy against considerations of confusion and prejudice." Id. (quoting Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003)).

Both cases at issue in this motion contain a cause of action challenging the denial of expedited processing for the underlying FOIA requests. Expedited processing is a narrow exception to the general practice of processing requests in the order they are received, and is allowed only when: (1) the requester is "primarily engaged in disseminating information," and (2) the request concerns records for which there is "[a]n urgency to inform the public." 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(d)(1)(ii). Judicial review of an agency denial of expedited processing proceeds *de novo*, but is based on the record before the agency when the request was denied. 5 U.S.C. § 552(a)(6)(E)(iii). The underlying FOIA requests at issue in these cases were nearly identical with respect to whether plaintiff is "primarily engaged in disseminating information," and were submitted within several weeks of each other. Accordingly, this issue is common to both cases, and the decision of whether to consolidate is within the Court's discretion.

Plaintiff also argues that because the requests concern related subject matter, the "urgency to inform" determinations will be decided more easily by a single judge. As noted, the requests at issue are related only insofar as PNR data derived from flights between the U.S. and the EU represents some portion of the data employed by one of the six components of the ATS. This relationship does not alter the fact that the FOIA requests seek different records. Accordingly, this case is distinguishable from those instances in which this Court has consolidated cases

8

concerning "essentially identical" records. <u>Judicial Watch, Inc. v. United States Dep't of Energy</u>, 207 F.R.D. 8, 9 (D.D.C. 2002); <u>see</u> <u>also</u> Order, <u>Electronic Privacy Information Center v. Dep't of Justice</u>, No. 06-0096 (HHK) (Feb. 9, 2006) (consolidating cases seeking release of records relating to the National Security Agency surveillance program). For the same reason, the question whether records relating to the negotiation of an international agreement concern a "matter of exigency to the American public," the production of which, if delayed, "would compromise a significant recognized agreement," is quite distinct from a similar determination for records relating to nearly every aspect of the ATS. <u>Al-Fayed v. Central Intelligence Agency</u>, 254 F.3d 300, 310 (D.C.Cir. 2001). Indeed, the related but distinct nature of these inquiries risks their conflation, and, as a result, the type of confusion and prejudice that counsels against consolidation.

    Defendant also asks the Court to consider several issues that are not common to both cases, the resolution of which in a consolidated case may present unnecessary complications. For example, although plaintiff has not demanded production of the documents in 06-2154, it has not only asked the Court to grant expedited processing, but also to retain jurisdiction to ensure expeditious processing of the records should the agency's denial of expedited processing be reversed. This is effectively a request for production of agency records made without waiting the statutorily required twenty business days, 5 U.S.C. § 552(a)(6)(C)(i), and raises issues concerning the Court's jurisdiction over expedited processing claims not presented by 06-1988. <u>See</u> 5 U.S.C. § 552(a)(6)(E)(iii). In addition, plaintiff's request in 06-1988 for a formal declaration regarding its status as a "representative of the news media" for fee purposes, despite the fact that

DHS has granted it this status, presents issues of mootness not present in 06-2154.[11]

In sum, defendant urges the Court to consider, in the exercise of its discretion, the disparate subject matter of the FOIA requests, and the issues unique to each case, which counsel against consolidation of these cases.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to consolidate should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO (D.C. Bar #418925)
Assistant Branch Director

ADAM D. KIRSCHNER
Trial Attorney

  /s/ John R. Coleman
JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, D.C., 20044
Delivery Address
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505

---

[11] Plaintiff's counsel has indicated that it might seek a preliminary injunction in the consolidated cases. Due to the distinct subject matter of the FOIA requests at issue, and the different stage of the FOIA requests in the administrative process, such a motion would present further case-specific issues regarding, for example, irreparable harm and prejudice to others.

       Facsimile: (202) 616-8187
       john.coleman3@usdoj.gov

       *Attorneys for Defendant*

**EXHIBIT A**

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO CONSOLIDATE

*Electronic Frontier Foundation v. Department of Homeland Security*

U.S. Department of Homeland Security
Arlington, Virginia 22202



*Privacy Office DHS-D3*

December 15, 2006

Ms. Marcia Hofmann
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009

Re: **DHS/OS/PRIV 07-90/Hofmann request**

Dear Ms. Hofmann:

This is in further response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated October 20, 2006, seeking the following DHS records from May 30, 2006 to the present:

1. Emails, letters, reports or other correspondence from DHS officials to European Union officials concerning the transfer and use of passenger data from air carriers to the US for prescreening purposes;

2. Emails, letters, statements, memoranda or other correspondence from DHS officials to U.S. government officials or employees interpreting or providing guidance on how to interpret the undertakings;

3. Records describing how passenger data transferred to the U.S. under the temporary agreement is to be retained, secured, used disclosed to other entities, or combined with information from other sources; and

4. Complaints received from EU citizens or official entities concerning DHS acquisition, maintenance and use of passenger data from EU citizens.

Regarding your request No. 1, for "emails, letters, reports, or other correspondence from DHS officials to European Union officials concerning the transfer and use of passenger data from air carriers to the US for prescreening purposes," we have interpreted that request in light of Requests 2, 3 and 4 as referring to Passenger Name Record (PNR) data.

We have queried the DHS Office of the Executive Secretariat, the DHS Office of Policy, and the DHS Privacy Office for records responsive to your request. In addition, we have referred your request to U.S. Customs and Border Protection, the DHS Office of the General Counsel, and the Transportation Security Administration for direct response. If there are any additional components that you would like us to search, please advise this office. A list of DHS components may be found at http://www.dhs.gov/xabout/structure/index.shtm.

In our November 1, 2006 acknowledgement letter, we indicated that we were holding your public interest fee waiver request in abeyance pending the quantification of responsive records. Subsequently, our office located numerous records necessitating a determination on your fee waiver request. I have reviewed your October 20, 2006 letter thoroughly and your arguments that EFF is entitled to a blanket waiver of all fees associated with this FOIA request. I have determined that you have not presented a convincing argument that EFF is entitled to a waiver of fees. Other than broad generalizations, you have not demonstrated with the requisite specificity that public interest on this issue exceeds a general level of interest in the operations and activities of a government entity or how disclosure will enlighten the public on data usage and contribute to an understanding of government operations or activities. Additionally, you have not sufficiently revealed how the requested information will be widely distributed, other than the nebulous, "EFF will make the information it obtains under the FOIA available to the public and the media through its website and newsletter…" nor have you presented evidence of a unique capability to educate the public beyond EFF's constituency and similar groups which have the same concerns. Because of these reasons, I have determined that to furnish the information to EFF at no cost does not outweigh the burden that will be placed on our components in supplying the records. Therefore, I am denying the request for a waiver of fees.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to media requestors. As a media requestor you will be charged 10-cents a page for duplication, although the first 100 pages are free. As the duplication fees are likely to exceed the $25.00 minimum, we need a fee payment commitment by December 29th. We initially indicated that each DHS component would make independent determinations on your various treatment requests. Please be advised that our office is making the overall determinations on these issues.

You have the right to appeal the determination to deny you a fee waiver. Should you wish to do so, you must send your appeal within 60 days of receipt of this letter by writing to the following address: Office of the General Counsel, Department of Homeland Security, Washington, D.C. 20528. Your envelope and letter should be marked "Freedom of Information Act Appeal." The implementing Department Regulations establish the criteria under which the FOIA is administered. Copies of the FOIA and Regulations are available at www.dhs.gov.

Please refer to the above mentioned identifier in any future correspondence.

Sincerely,

Catherine M. Papoi, J.D.
Deputy Chief FOIA Officer
Director, Disclosure & FOIA

Cc:   Rebecca Hollaway, CBP
      Michael Russell, OGC
      Howard Plofker, TSA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1988 (ESH) |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2154 (RBW) |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

UPON CONSIDERATION of plaintiff's motion to consolidate the above-captioned actions, and the entire record, it is this ___ day of _____, 2007;

ORDERED that plaintiff's motion is denied.

_____
UNITED STATES DISTRICT JUDGE