**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF HOMELAND SECURITY,** )<br>)<br>Defendant. )<br>) | Civil Action No. 06-1988 (ESH) |
| **ELECTRONIC FRONTIER FOUNDATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF HOMELAND SECURITY,** )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2154 (RBW) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE**

On January 11, 2007, plaintiff Electronic Frontier Foundation ("EFF") moved to consolidate the above-captioned actions. Defendant Department of Homeland Security ("DHS") has filed an opposition to plaintiff's motion, although the agency concedes that the two cases raise a common (and dispositive) issue and that the Court may, indeed, properly consolidate the actions. Given the government's concession, defendant's opposition requires only a brief reply.

**Discussion**

As we have noted, these cases arise from DHS's handling of three FOIA requests submitted by plaintiff EFF seeking the disclosure of agency records relating to, *inter alia*, the

agency's collection and use of airline passenger data. EFF asserted a statutory right to "expedited processing" of the requests on the ground that there is an "urgency to inform the public" about the subjects of the requests, and that the requests were made by "a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). DHS refused to grant expedited processing, finding that there is no "urgency to inform the public" and that EFF is not "primarily engaged in disseminating information."

The government concedes, as it must, that the question of whether EFF is "primarily engaged in disseminating information" is "common to these cases, and therefore recognizes that these cases may be consolidated in the Court's discretion." Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Consolidate ("Def. Opp.") at 2. Indeed, as the government notes, "[t]he underlying FOIA requests at issue in these cases were nearly identical with respect to whether plaintiff is 'primarily engaged in disseminating information,' and were submitted within several weeks of each other." *Id*. at 8.

The most that DHS can muster in "opposition" to plaintiff's motion is the observation that the second prong of the expedition test – whether there is an "urgency to inform the public" about the subject of the FOIA requests – will require the Court to conduct inquiries that are "related but distinct." *Id*. at 9. Plaintiff submits that consolidation would be appropriate here even if the subject matter of the requests at issue were *not* "related." The question of EFF's status – whether it satisfies the "primarily engaged" requirement – is, in effect, a threshold issue that must be resolved with respect to *any* expedition request it submits to the agency. The importance of consistency in the application of FOIA's expedition provision, *Al-Fayed v. Central Intelligence Agency*, 254 F.3d 300, 307 (D.C. Cir. 2001), standing alone, strongly counsels in favor of consolidation. The fact that the subjects of the underlying FOIA requests

are concededly "related" bolsters the propriety of such treatment.  There is no doubt that resolution of plaintiff's entitlement to expedited processing of these requests in one consolidated action would further "the interest of promoting judicial economy and preventing potentially inconsistent rulings."  *Judicial Watch v. Dep't of Energy*, 207 F.R.D. 8, 9 (D.D.C. 2002).[1]

## Conclusion

For the foregoing reasons, and those set forth in plaintiff's opening memorandum, the Court should grant plaintiff's motion and consolidate the cases.

Respectfully submitted,

  _/s/ David L. Sobel_
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar No. 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

---

[1] Defendant asserts that two issues "are not common to both cases" and "may present unnecessary complications."  Def. Opp. at 9.  First, defendant states that in Civil Action No. 06-2154, plaintiff "has not demanded production of the documents" at issue.  *Id*.  At the time that suit was filed, administrative remedies had been exhausted with respect to entitlement to expedited processing, but not with respect to the agency's failure to comply with the generally-applicable 20-day processing deadline.  Plaintiff has since amended the complaint to allege a violation of the statutory time limit, so the alleged "complication" is not an issue.  Defendant also cites plaintiff's request in Civil Action No. 06-1988 for declaratory relief concerning EFF's status as a "representative of the news media" for FOIA fee assessment purposes, and asserts that such requested relief "presents issues of mootness not present in 06-2154."  *Id*. at 9-10.  If, as defendant unequivocally asserts, "DHS has granted [EFF] this status," plaintiff will certainly be amenable to entering a stipulation with defendant to remove that issue from the litigation, thus relieving the Court of any need to consider a mootness argument.