IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-1988 (ESH) |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| Defendant. | ) | |
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-2154 (RBW) |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Defendant requests leave of the Court to file the attached supplemental brief in opposition to Plaintiff's motion to consolidate. Defendant filed its Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Consolidate at 12:21 p.m., Thursday, January 25, 2007. Roughly three hours later, Plaintiff amended its complaint in the later filed case at issue in the pending motion to consolidate, Civil Action 06-2154 (RBW), by adding a second cause of action alleging wrongful withholding of agency records. The amendment of the complaint materially affects the analysis this Court must undertake in addressing Plaintiff's motion to consolidate.

Accordingly, Defendant seeks leave to address this effect in the attached supplemental brief.

Pursuant to Local Rule 7(m), counsel for Defendant contacted counsel for Plaintiff to discuss the filing of this motion on the morning of Monday, January 29, 2007,[1] and again on the morning of Tuesday, January 30, 2007.  As Counsel for Defendant stated in its second message, counsel for Defendant presumes from the failure to respond to these messages that counsel for Plaintiff does not consent to the filing of this motion.

Wherefore, Defendant requests that this court grant leave to file the attached supplemental brief.

Dated: January 30, 2007        Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO (D.C. Bar #418925)
Assistant Branch Director

ADAM D. KIRSCHNER
Trial Attorney

  /s/ John R. Coleman
JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, D.C., 20044
Delivery Address

---

[1] Without responding to this message, Plaintiff filed its reply in support of the motion to consolidate on the evening of Monday, January 29, 2007.  The attached supplemental brief is filed in response to the amendment of the complaint in 06cv2154, and not Plaintiff's reply brief.

20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8187
john.coleman3@usdoj.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 06-1988 (ESH) | |
| ) | | |
| **DEPARTMENT OF HOMELAND** ) | | |
| **SECURITY** ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| **ELECTRONIC FRONTIER FOUNDATION** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 06-2154 (RBW) | |
| ) | | |
| **DEPARTMENT OF HOMELAND** ) | | |
| **SECURITY** ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Plaintiff Electronic Frontier Foundation ("EFF") seeks to consolidate two cases, Civil Action No. 06-1988 and Civil Action No. 06-2154, which relate to Freedom of Information Act ("FOIA") requests it has submitted to defendant, Department of Homeland Security ("DHS"). In its original brief in opposition to Plaintiff's motion to consolidate, Defendant addressed the consequences of consolidating these two FOIA cases on the basis of the complaints as they then existed. The original complaint in 06-2154 contained a single cause of action challenging the denial of Plaintiff's request for expedited processing of the underlying FOIA request. By

1

contrast, the amended complaint of the earlier filed case at issue in Plaintiff's motion to consolidate, 06-1988, contained three causes of action, challenging: (1) the agency's denial of Plaintiff's request for expedited processing, (2) the agency's initial denial—later reversed—of Plaintiff's request for treatment as a "representative of the news media" for fee purposes, and (3) the alleged wrongful withholding of agency records.

Accordingly, in its original brief in opposition, Defendant opposed consolidation chiefly on the grounds that the underlying FOIA requests at issue sought different records, and that, therefore, one of the determinations at issue in resolution of both cases' claims for expedited processing would be distinct.[1]  Because the lone claim originally at issue in 06-2154 would be extinguished by a ruling on this issue, Defendant did not address the complications presented by consolidation of two cases which sought the production of different agency records at different stages of production.  Plaintiff's amendment of its complaint in 06-2154 now raises this issue, and presents yet another reason to deny Plaintiff's motion to consolidate.

## ARGUMENT

Due to the existence of a single issue shared by these two cases, relating to whether Plaintiff is "primarily engaged in disseminating information," the Court has the discretion to consolidate, or refuse to consolidate, these cases.  Rule 42(a), Fed.R.Civ.P.  This discretion should be exercised by "weigh[ing] considerations of convenience and economy against considerations of confusion and prejudice." American Postal Workers Union v. United States Postal Service, 422 F.Supp.2d 240, 245 (D.D.C. 2006) (quoting Chang v. United States, 217

---

[1]Plaintiff's motion to consolidate was also opposed because each case raised jurisdictional issues not present in the other.

F.R.D. 262, 265 (D.D.C. 2003)).  Prior to Plaintiff's amendment of its complaint in 06-2154, consolidation was merely an unnecessary complication of an issue that would have been resolved on summary judgment.  As a result of this amendment, however, Plaintiff's motion now seeks to consolidate two full-blown FOIA lawsuits, each involving a unique set of records.  After this development, the confusion that will accompany consolidation of these cases significantly outweighs the relatively minor convenience of resolving the lone common issue in a consolidated case.

As Defendant explained in its original brief in opposition to Plaintiff's motion to consolidate, the underlying FOIA requests at issue in this case, while tangentially related, are fundamentally distinct, both in terms of the subject matter of the records requested, and in terms of the breadth of the requests.  The October 20, 2006 request at issue in 06-1988 (attached as Exhibit A to Plaintiff's Motion to Consolidate) seeks records related to the negotiation and observance of an international agreement designed to ensure that the continued transfer of Passenger Name Record ("PNR") data for flights to or from the United States stored in airline reservation systems located within the European Union ("EU") does not violate EU privacy law. See Interim Agreement Between the European Union and the United States Regarding Transfer of Passenger Name Record Data, 72 Fed. Reg. 348, 348 (Jan. 4, 2007).  By contrast, the merged requests of November 7, 2006 and December 6, 2006 (Attached as Exhibits D and E to Plaintiff's Motion to Consolidate), which together include nineteen individual requests, are chiefly concerned with the Automated Targeting System ("ATS"), an intranet-based system that collects data from a multitude of sources, and uses that data to determine the risk presented to the

national security by cargo and travelers crossing the United States border.[2]

Thus, the subject matter of these requests is distinct in two ways. First, unlike the October 20, 2006 request, the merged requests relating chiefly to the ATS are not concerned with whether the ATS conforms to the requirements of EU law. Second, the subject matter of the merged requests is significantly broader than that of the October 20, 2006 request. As noted, the PNR data that is the subject of the agreement between the EU and the U.S. is a subset of all PNR data employed by the ATS, and PNR data is just one of eighteen categories of data employed by ATS-Passenger, one of the six modules comprising the ATS. See id. at 3, Appendix A.

Because these cases involve a distinct set of records, any litigation over the adequacy of the agency's search for records, or the propriety of the agency's withholdings, will be conducted separately. Perhaps this fact explains why FOIA cases that have been consolidated by this Court are generally those that involve requests for the same records. See Electronic Privacy Information Center v. Dep't of Justice, Case No. 06-0096 (D.D.C. Feb. 9, 2006) (Order consolidating FOIA cases seeking identical records concerning NSA surveillance program); Judicial Watch, Inc. v. U.S. Dept. of Justice, 259 F.Supp.2d 86, 88 n.2 (D.D.C. 2003) (noting the consolidation of identical cases involving identical requests for records ); Judicial Watch, Inc. v. United States Dep't of Energy, 207 F.R.D. 8, 9 (D.D.C. 2002) (consolidating FOIA cases seeking records regarding the Vice President's Energy Task Force).

In addition to distinctions related to the subject matter of the underlying FOIA requests at issue in these cases, there are other distinctions related to their timing, breadth, and clarity. As an

---

[2]See Customs and Border Protection, Privacy Impact Assessment of the Automated Targeting System, *available at* www.dhs.gov/xlibrary/assets/privacy/privacy_pia_cbp_ats.pdf.

initial matter, the request at issue in 06-1988 was submitted several weeks earlier than the merged requests at issue in 06-2154, and therefore the two requests are situated at different points along the agency's processing queue. See Exhibits B and F to Plaintiff's Motion to Consolidate. Further, these requests vary in terms of their breadth and clarity. For example, the request at issue in 06-1988 is limited to agency records created after May 30, 2006, but the merged requests contain no such temporal limitation. Id. Likewise, many of the individual requests included in the merged requests will require clarification or limitation before DHS can complete its search for responsive records. See January 23, 2006 Letter to David Sobel, Attached as Exhibit A. The varying timing, breadth, and clarity of the FOIA requests at issue in these independent cases will ensure that the litigation of these two cases will proceed along independent timetables.

In effect, Plaintiff's motion seeks consolidation of two cases whose only truly common issue concerns the institutional nature of the Plaintiff. Artificially conjoining these cases at that narrow point creates a consolidated case as unwieldy as it is unnecessary. Accordingly, Plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to consolidate should be denied.

Dated: January 30, 2007                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO (D.C. Bar #418925)

        Assistant Branch Director

        ADAM D. KIRSCHNER
        Trial Attorney

          _/s/ John R. Coleman_
        JOHN R. COLEMAN
        Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        <u>Mailing Address</u>
        P.O. Box 883
        Washington, D.C., 20044
        <u>Delivery Address</u>
        20 Massachusetts Avenue, NW, Room 6118
        Washington, D.C. 20530
        Telephone: (202) 514-4505
        Facsimile: (202) 616-8187
        john.coleman3@usdoj.gov

        *Attorneys for Defendant*

**EXHIBIT A**

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

*Electronic Frontier Foundation v. Department of Homeland Security*



**U.S. DEPARTMENT OF HOMELAND SECURITY**
**FAX TRANSMITTAL COVER SHEET**
Privacy Office
Washington, DC 20528

Date: 1/23/2007

| To | David Sobel |
|---|---|
| Organization | Electronic Frontier Foundation |
| Fax Number | 202-797-9066 |
| Total # of Pages (including cover sheet) | 4 |
| Subject | FOIA CASE 07-160 /Sobel |
| From | Vania T. Lockett, DHS |
| Tel Number | 571-227-3813 |
| Fax Number | 571-227-1125 |
| Comments: | |

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.



Department of Homeland Security
Washington, DC 20528

# Homeland Security

*Privacy Office DHS-D3*

January 23, 2007

Mr. David L. Sobel
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009

Re: ***DHS/OS/PRIV 07-160*/Sobel request**

Dear Mr. Sobel:

This is in further response to your Freedom of Information Act (FOIA) requests to the Department of Homeland Security (DHS), dated November 7, 2006, and December 6, 2006 requesting DHS records concerning the Automated Targeting System (ATS). Please also refer to our letter dated December 14, 2006.

After further reviewing your requests, we wish to clarify the scope of certain of the items. I am outlining certain of your requests below, and then proposing our search parameters. We believe clarification will help speed the DHS review, and thus facilitate its response to the requests.

As to all requests contained in your November 7th and December 6th correspondence, the focus appears to be on the material contained in the ATS-Passenger (ATS-P) module. This is the module primarily used to process passenger traffic. Although many of your requests would clearly involve only ATS-P, several of the more general requests regarding the system would also encompass documents specifically concerning the other numerous modules of ATS which are used for cargo and conveyance processing. In light of this, we would propose responding only with ATS-P information.

Second, given the focus as noted above, we request that you specify the earliest date for which you seek documents. Customs and Border Protection, and its predecessor the United States Customs Service, have screened and collected personal information on passengers entering and leaving the United States for over 200 years. Given that the focus of this request appears to be on the use of the Automated Targeting System (and more particularly, its passenger module, ATS- P), we propose that the start date be the date that ATS-P became operational for the processing of personal data (on or about the year 2000).

Third, we would ask for clarification of whether you are seeking only final documents rather than both the final documents and all predecisional drafts of such responsive documents in the possession of CBP. Based upon a preliminary review of the documents potentially responsive to your request, we believe that

production only of final documents will greatly facilitate the review process while providing you with responsive, nonexempt documents.

In addition to these global requests for clarification, we would ask for the following clarification with respect to specific requests.

**All records, including Privacy Act notices, which discuss or describe the use of personally-identifiable information by the CBP (or its predecessors) for purposes of screening air and sea travelers.**

Clarification: CBP and the United States Customs Service have used personally identifiable information, such as customs declarations and passport information, throughout their 200 year history for the purpose of screening travelers. As currently written, this request would encompass the use of all hard copy and electronic data relating to the screening of air and sea travelers. We believe you are interested in something less than the universe of documents responsive to this request as written. Further, we believe that perhaps your requests of December 6th were intended to clarify the focus of this particular request and combined with the clarifications noted above, is likely to yield a field of documents which would more accurately address what appear to be the tenor of EFF's requests. Therefore, we ask for guidance or clarification of this request.

**All records that discuss or describe the redress that is available to individuals who believe that the ATS contains or utilizes inaccurate, incomplete or outdated information about them.**

Clarification: As written, this request relates to redress that is available and, as a result, we are not searching for records that discuss or describe redress that is not currently available. For example, we are not searching for information relative to the DHS "TRIP" program (Traveler Redress Inquiry Program), which was noticed in the Federal Register (Volume 72, No. 3, January 5, 2007, p. 576), as that program is out for public comment and is not currently available for redress to individuals.

**All records that discuss or describe the potential consequences that individuals might experience as a result of the agency's use of the ATS, including but not limited to arrest, physical searches, surveillance, denial of the opportunity to travel, and loss of employment opportunities.**

Clarification: Since the request refers to "potential consequences", we are not looking for actual enforcement records, which would almost certainly be withheld from production under one or more statutory exemptions. Also, we propose that we search for policies that are currently in force as opposed to also including records as to all policies or practices that have been effective in the past, as this would assist us in responding to your request.

**All complaints received from individuals concerning actions taken by the agency as a result of ATS "risk assessments" or other information contained in the ATS, and the agency's response to those complaints.**

Clarification: Consistent with our proposal regarding ATS-Passenger, we propose to search for only individual complaints arising from the ATP-Passenger system.

**All records that discuss or describe Section 514 of the Department of Homeland Security Appropriations Act, 2007 P.L. 109-295 (H.R. 5441) and its prohibition against the development or testing of "algorithms assigning risk to passengers whose names are not on Government watch lists."**

3

       Clarification: Since your FOIA requests seek information about ATS, we are not searching for documents which discuss this section as it relates only to Secure Flight, and do not mention or implicate ATS-Passenger.

**Whether a system of due process exists whereby aviation passengers determined to pose a threat are either delayed or prohibited from boarding their scheduled flights may appeal such decision and correct erroneous information contained in the ATS.**

       Clarification: This appears to be included within your request noted above, i.e. "All records that discuss or describe the redress that is available to individuals who believe that the ATS contains or utilizes inaccurate, incomplete or outdated information about them." If not, please explain the difference.

**Whether the agency has, pursuant to the requirements of section 44903(i)(2)(A) of Title 49, United States Code, modified the ATS with respect to intrastate transportation to accommodate states with unique air transportation needs and passengers who might otherwise regularly trigger a high risk status.**

       Clarification: Having reviewed this section of Title 49 and based on our knowledge of the ATS system, we cannot identify the documents that you are seeking in this request. Without further clarification, we will be unable to identify the documents, if any exist, that you intend to find through this request.

Please refer to **DHS/OS/PRIV 07-160/Sobel request** when replying about this request. DHS continues to search for documents which are responsive, and anticipates making its release on a rolling basis. The Privacy Office can be reached at 571-227-3813.

Sincerely,

Vania T. Lockett
Associate Director, Disclosure & FOIA Operations

cc: Rebecca Hollaway, CBP

TRANSMISSION VERIFICATION REPORT

```
                                          TIME  : 01/23/2007 16:51
                                          NAME  :
                                          FAX   :
                                          TEL   :
```

```
DATE,TIME              01/23  16:49
FAX NO./NAME           92027979066
DURATION               00:01:19
PAGE(S)                04
RESULT                 OK
MODE                   STANDARD
                       ECM
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1988 (ESH) |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2154 (RBW) |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

UPON CONSIDERATION of defendant's motion for leave to file a supplement brief in opposition to plaintiff's motion to consolidate, it is this ___ day of _____, 2007;

ORDERED that defendant's motion is granted.

_____
UNITED STATES DISTRICT JUDGE