## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1988 (ESH) |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |

| | | |
|---|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2154 (RBW) |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

Plaintiff Electronic Frontier Foundation ("EFF") seeks to consolidate two cases, Civil Action No. 06-1988 and Civil Action No. 06-2154, which relate to Freedom of Information Act ("FOIA") requests it has submitted to defendant, Department of Homeland Security ("DHS").  In its original brief in opposition to Plaintiff's motion to consolidate, Defendant addressed the consequences of consolidating these two FOIA cases on the basis of the complaints as they then existed.  The original complaint in 06-2154 contained a single cause of action challenging the denial of Plaintiff's request for expedited processing of the underlying FOIA request.  By

1

contrast, the amended complaint of the earlier filed case at issue in Plaintiff's motion to consolidate, 06-1988, contained three causes of action, challenging: (1) the agency's denial of Plaintiff's request for expedited processing, (2) the agency's initial denial—later reversed—of Plaintiff's request for treatment as a "representative of the news media" for fee purposes, and (3) the alleged wrongful withholding of agency records.

Accordingly, in its original brief in opposition, Defendant opposed consolidation chiefly on the grounds that the underlying FOIA requests at issue sought different records, and that, therefore, one of the determinations at issue in resolution of both cases' claims for expedited processing would be distinct.[1]  Because the lone claim originally at issue in 06-2154 would be extinguished by a ruling on this issue, Defendant did not address the complications presented by consolidation of two cases which sought the production of different agency records at different stages of production.  Plaintiff's amendment of its complaint in 06-2154 now raises this issue, and presents yet another reason to deny Plaintiff's motion to consolidate.

## ARGUMENT

Due to the existence of a single issue shared by these two cases, relating to whether Plaintiff is "primarily engaged in disseminating information," the Court has the discretion to consolidate, or refuse to consolidate, these cases.  Rule 42(a), Fed.R.Civ.P.  This discretion should be exercised by "weigh[ing] considerations of convenience and economy against considerations of confusion and prejudice." American Postal Workers Union v. United States Postal Service, 422 F.Supp.2d 240, 245 (D.D.C. 2006) (quoting Chang v. United States, 217

---

[1]Plaintiff's motion to consolidate was also opposed because each case raised jurisdictional issues not present in the other.

F.R.D. 262, 265 (D.D.C. 2003)).  Prior to Plaintiff's amendment of its complaint in 06-2154, consolidation was merely an unnecessary complication of an issue that would have been resolved on summary judgment.  As a result of this amendment, however, Plaintiff's motion now seeks to consolidate two full-blown FOIA lawsuits, each involving a unique set of records.  After this development, the confusion that will accompany consolidation of these cases significantly outweighs the relatively minor convenience of resolving the lone common issue in a consolidated case.

As Defendant explained in its original brief in opposition to Plaintiff's motion to consolidate, the underlying FOIA requests at issue in this case, while tangentially related, are fundamentally distinct, both in terms of the subject matter of the records requested, and in terms of the breadth of the requests.  The October 20, 2006 request at issue in 06-1988 (attached as Exhibit A to Plaintiff's Motion to Consolidate) seeks records related to the negotiation and observance of an international agreement designed to ensure that the continued transfer of Passenger Name Record ("PNR") data for flights to or from the United States stored in airline reservation systems located within the European Union ("EU") does not violate EU privacy law. See Interim Agreement Between the European Union and the United States Regarding Transfer of Passenger Name Record Data, 72 Fed. Reg. 348, 348 (Jan. 4, 2007).  By contrast, the merged requests of November 7, 2006 and December 6, 2006 (Attached as Exhibits D and E to Plaintiff's Motion to Consolidate), which together include nineteen individual requests, are chiefly concerned with the Automated Targeting System ("ATS"), an intranet-based system that collects data from a multitude of sources, and uses that data to determine the risk presented to the

national security by cargo and travelers crossing the United States border.[2]

       Thus, the subject matter of these requests is distinct in two ways.  First, unlike the October 20, 2006 request, the merged requests relating chiefly to the ATS are not concerned with whether the ATS conforms to the requirements of EU law.  Second, the subject matter of the merged requests is significantly broader than that of the October 20, 2006 request.  As noted, the PNR data that is the subject of the agreement between the EU and the U.S. is a subset of all PNR data employed by the ATS, and PNR data is just one of eighteen categories of data employed by ATS-Passenger, one of the six modules comprising the ATS.   See id. at 3, Appendix A.

       Because these cases involve a distinct set of records, any litigation over the adequacy of the agency's search for records, or the propriety of the agency's withholdings, will be conducted separately.  Perhaps this fact explains why FOIA cases that have been consolidated by this Court are generally those that involve requests for the same records.  See Electronic Privacy Information Center v. Dep't of Justice, Case No. 06-0096 (D.D.C. Feb. 9, 2006) (Order consolidating FOIA cases seeking identical records concerning NSA surveillance program); Judicial Watch, Inc. v. U.S. Dept. of Justice, 259 F.Supp.2d 86, 88 n.2 (D.D.C. 2003) (noting the consolidation of identical cases involving identical requests for records ); Judicial Watch, Inc. v. United States Dep't of Energy, 207 F.R.D. 8, 9 (D.D.C. 2002) (consolidating FOIA cases seeking records regarding the Vice President's Energy Task Force).

       In addition to distinctions related to the subject matter of the underlying FOIA requests at issue in these cases, there are other distinctions related to their timing, breadth, and clarity.  As an

---

    [2]See Customs and Border Protection, Privacy Impact Assessment of the Automated Targeting System, *available at* www.dhs.gov/xlibrary/assets/privacy/privacy_pia_cbp_ats.pdf.

initial matter, the request at issue in 06-1988 was submitted several weeks earlier than the merged requests at issue in 06-2154, and therefore the two requests are situated at different points along the agency's processing queue.  See Exhibits B and F to Plaintiff's Motion to Consolidate.  Further, these requests vary in terms of their breadth and clarity.  For example, the request at issue in 06-1988 is limited to agency records created after May 30, 2006, but the merged requests contain no such temporal limitation.  Id.  Likewise, many of the individual requests included in the merged requests will require clarification or limitation before DHS can complete its search for responsive records.  See January 23, 2006 Letter to David Sobel, Attached as Exhibit A.  The varying timing, breadth, and clarity of the FOIA requests at issue in these independent cases will ensure that the litigation of these two cases will proceed along independent timetables.

In effect, Plaintiff's motion seeks consolidation of two cases whose only truly common issue concerns the institutional nature of the Plaintiff.  Artificially conjoining these cases at that narrow point creates a consolidated case as unwieldy as it is unnecessary.  Accordingly, Plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to consolidate should be denied.

Dated: January 30, 2007                    Respectfully submitted,

                                          PETER D. KEISLER
                                          Assistant Attorney General

                                          JEFFREY A. TAYLOR
                                          United States Attorney

                                          ELIZABETH J. SHAPIRO (D.C. Bar #418925)

Assistant Branch Director

ADAM D. KIRSCHNER
Trial Attorney

  _/s/ John R. Coleman_____
JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C., 20044
<u>Delivery Address</u>
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8187
john.coleman3@usdoj.gov

*Attorneys for Defendant*

6