## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| ELECTRONIC FRONTIER ) | |
| FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. 06-01988 (ESH)** |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| _____ ) | |
| ELECTRONIC FRONTIER ) | |
| FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. 06-02154 (RBW)** |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER

These cases present the question of whether plaintiff is entitled to expedited processing of three requests for records that it filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006). After consideration of the parties' cross-motions for partial summary judgment, their briefs, and the relevant law, the Court affirms defendant's decision to deny expedited processing. Accordingly, defendant's motion will be granted and plaintiff's motion will be denied.

**BACKGROUND**

Plaintiff filed a FOIA request with defendant on October 20, 2006, seeking four broad categories of documents and records relating to a temporary agreement that the United States had recently reached with the European Union regarding "the processing and transfer of passenger data from airlines to [defendant]" (the "Interim Agreement"). (Ex. A at 2.) The letter communicating plaintiff's FOIA request asked defendant to consider the request on an expedited basis. (*See id.* at 3–4.) According to plaintiff, expedited processing was warranted because there was "'an urgency to inform the public' about [defendant's] policies with respect to [the handling of passenger data] in order to facilitate a full and informed public debate on the U.S. position in . . . bi-lateral negotiations" to occur before the expiration of the Interim Agreement on July 31, 2007. (*Id.* at 4.)

On November 1, 2006, defendant denied plaintiff's request for expedited processing. (Ex. B at 2.) Plaintiff filed an administrative appeal of the denial on November 21, 2006. (*See* Ex. C at 2–3.) That same date, plaintiff filed suit in this Court (Civil Action No. 06-01988) seeking the requested Interim Agreement documents. On December 21, 2006, plaintiff amended its complaint to include a claim that defendant had failed to issue a timely response to the administrative appeal. (*See* Am. Cmpl. ¶¶ 26, 28.)

Meanwhile, on November 7, 2006, plaintiff filed another FOIA request, this time asking defendant for records relating to a data mining system known as the Automated Targeting System ("ATS"). (*See* Ex. E at 2.) Plaintiff again requested expedited processing, this time stating that there was an "urgency to inform the public" because the deadline for the submission of public comments in response to a Federal Register notice about the ATS was December 4,

2006. (*Id.* at 2 (quoting 6 C.F.R. § 5.5(d)(1)(ii) (2006)).) On December 6, 2006, plaintiff filed

an additional FOIA request regarding the ATS, seeking an even broader range of agency records.

(*See* Ex. F. at 2–4.) In requesting expedited processing for its second ATS-related request,

plaintiff based its claim of urgency on a need "to facilitate full and informed public comment and

debate on the [ATS] prior to [an extended] December 29 deadline [for public comment in

response to the Federal Register notice] . . . , and prior to the [anticipated] Congressional

consideration of the system." (*Id.* at 4–5.)

On December 14, 2006, defendant advised plaintiff that it had "aggregated" the two ATS

requests and that expedited processing was denied. (*See* Ex. G at 2, 4.) Based on defendant's

denial, plaintiff filed a second suit in this Court (Civil Action No. 06-02154).[1] This Court

subsequently consolidated plaintiff's two suits for the limited purpose of deciding plaintiff's

motions for expedited processing.[2]

## ANALYSIS

### I.    Legal Standard

"[A] district court must review de novo an agency's denial of a request for expedition

under FOIA . . . ." *Al-Fayed v. CIA*, 254 F.3d 300, 308 (D.C. Cir. 2001). Review "shall be based

on the record before the agency at the time of the [agency's] determination." 5 U.S.C.

---

[1]Although plaintiff filed suit as to its ATS requests without first pursuing an
administrative appeal, exhaustion of administrative remedies is not a prerequisite to judicial
review of an agency's denial of expedited processing. *E.g.*, *Elec. Privacy Info. Ctr. v. Dept. of
Def.*, 355 F. Supp. 2d 98, 100 n.1 (D.D.C. 2004) ("Plaintiff is not required to pursue an
administrative appeal before seeking judicial review of its request for expedited processing of a
FOIA request."); *see* 5 U.S.C. § 552(a)(6)(E)(iii) (authorizing judicial review of "[a]gency action
*to deny or affirm denial* of a request for expedited processing" (emphasis added)).

[2]The Court's consolidation of these cases did not apply to plaintiff's substantive claims.

§ 552(a)(6)(E)(iii).

An agency must award expedited processing of a request for records if "the person requesting the records demonstrates a compelling need." *Id.* § 552(a)(6)(E)(i)(I). The compelling need standard is "intended to be narrowly applied." *Al-Fayed*, 254 F.3d at 310 (quoting H.R. Rep. No. 104-795, at 26 (1996)).

"[W]ith respect to a request made by a person primarily engaged in disseminating information,"[3] a compelling need means "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II). A court "must consider at least three factors" to determine whether the urgency standard has been satisfied: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed*, 254 F.3d at 310.[4]

## II.    Plaintiff's Interim Agreement Request

As evidence that the Interim Agreement, along with defendant's incident "reinterpretation of privacy commitments to the [European Union]," was a matter of current exigency to the American public, plaintiff's request for expedited processing relied heavily on the results of a "Google News" search that, using the terms "privacy and 'passenger data,'" had yielded 621 results. (Ex. A at 3–4.) Plaintiff provided defendant with the first page of these results, which displayed links to six news articles. (*See id.* at 7.)

---

[3]For purposes of analysis, the Court will assume, without deciding, that plaintiff is "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II).

[4]Here, there is no doubt that the third factor is satisfied, so the Court will discuss only the first two.

4

Such evidence does not demonstrate exigency to the American public.  As a threshold matter, Google News "aggregates headlines from more than 4,500 English-language news sources worldwide," without regard to the popularity of the news sources or the nationality of their intended audiences.  About Google News, http://news.google.com/intl/en_us/about_google_news.html (last visited Mar. 29, 2007). Accordingly, even a very large number of results from a Google News search does not suggest exigency to the American public.  Moreover, it is impossible to discern from a list of Google News search results the actual content of articles.  (*See* Ex. A at 7.)  Thus, one cannot tell from plaintiff's attachment whether the articles listed there truly discussed the Interim Agreement and "[defendant's] reinterpretation of privacy commitments to the [European Union]."  (Ex. A at 3; *see id.* at 7.)  In fact, given the breadth of the search terms used, plaintiff's search undoubtedly captured articles that were unrelated to either of those specific issues.  *Cf. Elec. Privacy Info. Ctr. v. Dept. of Def.*, 355 F. Supp. 2d 98, 101–03 (D.D.C. 2004) (explaining that evidence of public interest in the *general* subject of data mining was not sufficient to support expedited processing for a FOIA request pertaining specifically to the Verity K2 Enterprise data mining software).

Plaintiff's remaining evidence of exigency to the American public is similarly unpersuasive.  Although Plaintiff provided a link to defendant's press release announcing the execution of the Interim Agreement (Ex. A at 4 & n.6), it cannot be inferred from the mere existence of such an announcement that the American public took any interest in the issue. Plaintiff also provided defendant with quotations from two newspaper articles, but the quotations at most suggest an interest in the Interim Agreement's privacy implications on the part of *European* lawmakers.  (*See id.* at 3.)  Finally, the speech cited as evidence in plaintiff's

5

administrative appeal had a much broader focus than the Interim Agreement: it argued that an

"increasingly activist, left-wing and even elitist philosophy of law" developing among European

lawmakers was threatening to interfere with U.S. practices and interests, and it alluded to the

Interim Agreement merely to illustrate that broad thesis.  (Ex. C at 13 (quoting the speech).)

        Not only did plaintiff fail to present evidence sufficient to satisfy the "exigency to the

American public" factor, but plaintiff did not meet its burden to show that "delaying a response

[to its Interim Agreement request] would compromise a significant recognized interest."  *Al-*

*Fayed*, 254 F.3d at 310.  As defendant has explained and plaintiff has not contested, the Interim

Agreement did not alter existing U.S. law.  (*See* Def.'s Mem. in Supp. at 34.)  Accordingly, the

negotiations that plaintiff anticipates will occur before the Interim Agreement expires in July

2007 seem unlikely to alter U.S. law or affect any "significant recognized interest" of U.S.

citizens.  *Al-Fayed*, 254 F.3d at 310; *cf. ACLU v. DOJ*, 321 F. Supp. 2d 24, 31 (D.D.C. 2004)

(suggesting that a pending change in U.S. law, considered together with other factors, may help

demonstrate a compelling need); *Leadership Conference on Civil Rights v. Gonzales*, 404 F.

Supp. 2d 246, 260 (D.D.C. 2005) (holding that the urgency of the plaintiff's FOIA request was

supported by the looming expiration of the Voting Rights Act).

        Thus, defendant was correct to deny expedited processing of plaintiff's Interim

Agreement request.

**III.    Plaintiff's ATS Requests**

        Like the evidence submitted with plaintiff's Interim Agreement request, the evidence

submitted with plaintiff's ATS requests does not demonstrate exigency to the *American* public.

With both ATS requests, plaintiff submitted Google News evidence that suffered from the same

6

flaws previously discussed.  A search results page that plaintiff attached to its first ATS request

also highlights an additional flaw inherent in the use of Google News searches: such searches

sometimes count the same news article as multiple, distinct "results."  (*See, eg.*, Ex. E at 6

(showing verbatim excerpts from "Officer.com" and "Infoshop News"); *compare id.* at 6 (listing

as separate results an identical sentence published in both the *Helena Independent Record* and

the *Wyoming News*) *with id.* at 10 (indicating that the sentence at issue came from an Associated

Press story).)

        An even more significant obstacle for plaintiff is that there is no "*current* exigency" to

inform the American public about the ATS system, nor any evidence that normal processing

"would compromise a significant recognized interest."  *Al-Fayed*, 254 F.3d at 310 (emphasis

added).  Even assuming *arguendo* that a deadline for comments to a Federal Register notice can

support a claim of exigency, the December 2006 deadlines upon which plaintiff relied in its ATS

requests have long since passed.  A FOIA plaintiff whose asserted need to inform the American

public has become moot is not entitled to expedited processing.  *See Long v. Dept. of Homeland

Sec.*, 436 F. Supp. 2d 38, 43 (D.D.C. 2006) ("Finally, even if plaintiffs had intended to file a brief

or assist others who might wish to do so, the deadline for filing that plaintiff Katzman specified

in his affidavit has expired.  Thus, it cannot be said that plaintiffs' request concerns 'a matter of

current exigency' or that the consequences of [the agency's] delaying a response 'would

compromise a significant recognized interest.'" (citation omitted)).[5]

_____

        [5]Plaintiff attempts to overcome this problem largely by arguing that legislation, the
Federal Agency Data Mining Reporting Act of 2007 ("FADMRA"), S. 236, 110th Cong. (2007),
which bears some relation to the ATS, was introduced in the Senate in January 2007.  (*See* Pl.'s
Opp. at 21–23.)  However, notwithstanding plaintiff's arguments that defendant could have
anticipated the introduction of the FADMRA (or similar legislation) when it received plaintiff's

Thus, plaintiff is not entitled to expedited processing of its ATS requests.

## CONCLUSION

Expedited processing of FOIA requests must be sparingly awarded:

> "Given the finite resources generally available for fulfilling FOIA requests, unduly generous use of the expedited processing procedure would unfairly disadvantage other requestors who do not qualify for its treatment." Indeed, an unduly generous approach would also disadvantage those requestors who do qualify for expedition, because prioritizing all requests would effectively prioritize none.

*Al-Fayed*, 254 F.3d at 310 (quoting H.R. Rep. No. 104-795, at 26 (1996)). Here, for the reasons set forth above, plaintiff has fallen well short of demonstrating a "compelling need" for information sufficient to justify the prioritization of its requests. Accordingly, defendant's motion for partial summary judgment [# 13] is **GRANTED**, and plaintiff's motion for partial summary judgment [# 12] is **DENIED**. Civil Action No. 06-01988 (the Interim Agreement case) is set for a status conference on April 27, 2007, at 9:45 a.m.

_____ s/ _____
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 2, 2007

---

ATS requests in December 2006, the fact remains that the FADMRA was not part of the "record before the agency" and, accordingly, the Court cannot consider it here. 5 U.S.C. § 552(a)(6)(E)(iii). Plaintiff also argues that pending rulemaking by defendant warrants expedited processing of plaintiff's ATS requests. (*See* Pl.'s Opp. at 23.) Defendant's proposed rulemaking, to the extent the Court may consider it, is not directly related to the ATS and, in any event, is too weak a basis on which to conclude that plaintiff's ATS requests should "jump the queue" of FOIA requests on file with defendant. *Cf. ACLU v. DOJ*, 321 F. Supp. 2d at 31 (acknowledging that "sunset provisions or discussions of new legislation" may, "standing alone," be insufficient to satisfy the "compelling need" standard).