## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-1988 (ESH) |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S STATUS REPORT

The Court's November 8, 2007 Order directed defendant to "file a status report via ECF

by December 10, 2007, notifying the Court of how many pages have been reviewed by that date,

how many pages have been produced, how many pages have been categorized for classification

review, the number of pages classified to date, and the results, if any, of the discussions between

the parties."  Pursuant to this Order, defendant states as follows:

1.      Defendant has completed its search for records responsive to plaintiff's FOIA request.

2.      To date, defendant has processed 1,407 pages of responsive records.

3.      To date, defendant has produced to plaintiff, in full or in part, 740 pages of responsive

records.  The remaining 667 pages have been withheld in full pursuant to FOIA's

exemptions.

4.      On November 15, 2007, defendant directed the classification of the following categories

of information:

a.    Information provided by or through the European Union and/or European Commission (EU), without further protection instructions, with the expectation that it will remain 'in confidence.'

b.    Information pertaining to specific strategies, tactics, and/or options that could be used by the United States when negotiating with the EU, the unauthorized knowledge of which would undermined the DHS position in current or future negotiations.

c.    Information pertaining specifically to the characteristics and perceptions of negotiations with the EU gathered solely through direct observation by U.S. Government personnel and that has a direct bearing on further prosecution of the negotiations or the disposition of the negotiation's participants.

5.    Defendant has identified 2,624 pages responsive to plaintiff's FOIA request that may be subject to this classification direction.  This figure may include duplicate copies of some documents as well as pages that do not contain classified information themselves, but are part of documents that do contain classified information.  Accordingly, the number of pages ultimately determined to contain classified material may be significantly less than the number identified above.  Additionally, as the process for holding documents for classification did not begin until after processing of documents commenced, some 345 pages subject to classification review are pages that have been processed already and either redacted or withheld in full.

6.    Of the 2,624 pages potentially subject to classification review, defendant has classified 59 pages of records, and determined that 10 pages are, in fact, not properly subject to

classification.[1]  These 69 pages are currently being reviewed for other possible
exemptions.

7.     In addition, defendant has sent 51 pages of documents classified by other agencies to
those agencies for declassification review.

8.     On November 29, 2007, the parties discussed the possible narrowing of plaintiff's request
for records.  As a result of these discussion the parties agreed as follows:

a.     Defendant proposed that plaintiff eliminate non-responsive material within email
chains from the scope of the request.  Plaintiff agrees that emails within an email
chain containing no responsive material may be removed from the scope of the
request, and further suggests that defendant may eliminate duplicative copies of
emails that contain responsive material from the scope of the request.

b.     Defendant suggested that plaintiff eliminate all classified material from the scope
of the request.  Plaintiff declined to remove all classified material from the scope
of the request at the time of the parties' conference, but indicated its willingness
to reconsider this request in response to defendant's report, submitted herein, of
the number of pages classified and the bases for the decision to classify that
material.  The parties have agreed to revisit this issue in light of defendant's status
report, and will promptly report any further agreements on limiting the scope of
plaintiff's request to the Court.

Respectfully Submitted,

---

[1]This figure includes only the number of pages of documents that are entirely
unclassified; it does not include unclassified pages within classified documents.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
D.C. Bar 418925
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

  _/s/ John R. Coleman_____
JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
(202) 514-4505
john.coleman3@usdoj.gov

*Counsel for Defendant*


Date:   December 10, 2007